OLIVIER & SCHREIBER LLP
Monique Olivier (SBN 190385)
Christian Schreiber (SBN 245597)
475 14th Street, Suite 250
Oakland, CA 94612
Telephone: (415) 484-0980
monique@os-legal.com
christian@os-legal.com

COMMUNITY LEGAL SERVICES
IN EAST PALO ALTO
Vinuta Naik (SBN 293148)
1861 Bay Road
East Palo Alto, CA 94303
Telephone: (650) 326-6440
vnaik@clsepa.org

*Attorneys for Plaintiff*
*ADAN RUBIO*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAN RUBIO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INFLECTION RISK SOLUTIONS, LLC d/b/a GOODHIRE, a Nevada corporation,<br><br>Defendant. | CASE NO. _____<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681e(b); and<br>(2) Violations of the California Investigative Consumer Reporting Agencies Act, Cal. Civil Code § 1786, *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Adan Rubio ("Plaintiff" or "Mr. Rubio"), on behalf of himself and all others similarly situated, brings the following Complaint against Inflection Risk Solutions, LLC d/b/a GoodHire ("GoodHire" or "Defendant") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, and the California Investigative Consumer Reporting Agencies Act ("ICRAA"), Civil Code §§ 1786, *et seq.*, arising out of an employment background check performed by Defendant.

## INTRODUCTION

1. Being convicted of a crime has dramatic consequences for an individual over and above any sentence or fine that may be imposed. Those consequences include discrimination and a daunting loss of employment opportunities.

2. Even for eligible, capable, and motivated individuals, significant barriers stand in the way of reintegration into free society, legal barriers to reintegration make it difficult to escape the lingering "collateral consequences" of a criminal conviction.

3. These collateral consequences are undeniably harsh. But they are particularly pronounced when an individual's criminal record is illegally and incorrectly reported.

4. Congress passed the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") to protect consumers from the harm caused by such reporting errors. The FCRA requires, among other things, that all credit reporting agencies ("CRA's") that report credit and conviction information to employers adopt and implement procedures that "assure maximum possible accuracy of the information concerning the individual about whom the report relates."15 U.S.C. § 1681e(b).

5. Defendant GoodHire is a credit reporting agency that collects consumer information and sells "consumer reports"—i.e., background checks— to employers investigating job applicants. This is an individual action for damages, and attorneys' fees and costs brought against Defendant pursuant to the FCRA and ICRAA.

6. The FCRA and its California analog, the Investigative Consumer Reporting Agencies Act ("ICRAA"), Cal. Civ. C. § 1786, *et seq.*, regulate the manner in which personal

information about consumers and workers may be sold by background check companies and used by employers.

7. The goal of these consumer protection statutes is to ensure that information about consumers and workers is accurate. Workers and employers are both harmed when false information proliferates.

8. Plaintiff was harmed by false information provided by Defendant to his potential employer, which resulted in Plaintiff being denied a well-paying job.

9. Plaintiff brings this class action on behalf of a class of persons who have been harmed by Defendant's failure to maintain the procedures necessary to ensure that the criminal background checks it sells to employers are maximally accurate, as required by federal and state law.

## THE PARTIES

10. Plaintiff Adan Rubio is an individual person over the age of 18 and at all relevant times has resided this District.

11. Defendant Inflection Risk Solutions, LLC is a Nevada Corporation with its headquarters at 303 Twin Dolphin Drive, Suite 600 in Redwood City, California, in San Mateo County. It does business as GoodHire.

12. Among other things, Defendant sells background checks to employers for their use in deciding whether to offer employment to prospective employees. Defendant's background checks include information that employers use to make decisions about whether to take adverse actions against job applicants and employees. Based on the information contained in Defendant's reports, employers refuse to hire, or refuse to promote, or terminate individuals. These reports are provided in connection with a business transaction initiated by the employer.

13. Defendant is a consumer reporting agency as defined at 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for employment

purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

14. Defendant is an "investigative consumer credit reporting agency" as defined by Civ. Code § 1786.2(d).

## JURISDICTION AND VENUE

15. This Court has jurisdiction over Plaintiff's claims because Plaintiff is a resident of Santa Clara County, California and GoodHire does business in this County, and the claims asserted by Plaintiff arise under California law.

16. The Court also has jurisdiction under the FCRA. (15 U.S.C. §§ 1681n, 1681p).

17. The United States District Court for the Northern District of California has personal jurisdiction over Defendant because it conducts business in this District and many of the acts complained of and giving rise to the claims alleged took place in California and in this District.

18. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## STATUTORY BACKGROUND

19. Enacted in 1970, the FCRA's passage was driven in part by two related concerns. First, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or for credit, and when they applied for housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

20. While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

21. Congress, concerned about inaccuracies in consumer reports, specifically required consumer reporting agencies to follow "reasonable procedures to ensure maximum possible accuracy" in consumer reports. 15 U.S.C. § 1681e(b).

22. In the parlance of the FCRA, background check reports are "consumer reports," and providers of background check reports, like GoodHire, are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d), (f).

23. CRAs who report information for employment purposes are obligated to make a contemporaneous disclosure to the consumer, at the time the public record information is reported to the employer or other user of the consumer report, of the fact that public record information is being reported by the CRA, together with the name and address of the person to whom such information is being reported. 15 U.S.C. § 1681 k(a)(1).

24. In the alternative, CRAs are required to "maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up-to-date." 15 U.S.C. § 14 1681 k(a)(2).

25. Information relating to legal matters including arrests and convictions is considered "up-to-date" for these purposes only if it accurately reflects "the current public record status of the item at the time of the report." 15 U.S.C. § 1681 k(a)(2).

26. A CRA that negligently fails to comply with those requirements is liable for actual damages, litigation costs and attorneys' fees. 15 U.S.C. § 1681o. In addition, a CRA that willfully fails to comply is liable for statutory damages of at least $100 but not more than $1,000 to each consumer injured, and for punitive damages. 15 U.S.C. § 1681n.

27. Consumer reports that contain factually incorrect information are neither maximally accurate nor fair to the consumers who are subjects of such reports.

### THE FCRA'S AND ICRAA'S PROTECTIONS FOR JOB APPLICANTS

28. Despite its name, the Fair Credit Reporting Act covers more than just credit reporting. It also regulates employment background check reports like the employment report Defendant prepared in Plaintiff's name and furnished to Plaintiff's prospective employer.

29. The FCRA provides a number of protections for job applicants who are subjected to background checks.

30. Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

31. Likewise, under the ICRAA, "[w]henever an investigative consumer reporting agency prepares an investigative consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Cal. Civ. Code § 1786.20.

32. Further, under the ICRAA, "an investigative consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished." Cal. Civ. Code § 1786.18.

33. Finally, the ICRAA requires consumer reporting agencies reporting adverse public record information for employment purposes "shall in addition maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up-to-date." Cal. Civ. Code § 1786.28.

34. Defendant disregarded these duties with respect to Plaintiff's background check report.

# **FACTS**

35. In August 2020, Plaintiff applied for a job as a swing shift plater machinist with Sierra Circuits, a company in Sunnyvale, California. Plaintiff was offered the job pending the outcome of a background check.

36. As part of the job application process, Sierra Circuits required Plaintiff to consent to a criminal background check, which was performed by GoodHire. On approximately September 3, 2020, GoodHire compiled the information contained in the report it provided to Sierra Circuits.

37. When the report was furnished, it included the false information that Plaintiff had been convicted of a felony charge of possession of a controlled substance with a firearm, but failed to report that in fact, Plaintiff's conviction was overturned on appeal in 2019.

38. GoodHire's report was neither timely nor complete, as is evident on the face of the report. Based on the adverse information reported by GoodHire, Sierra Circuits refused to hire Plaintiff, who lost the employment as a result.

39. On information and belief, GoodHire's criminal background searches are based on electronic files that are not updated frequently enough to ensure that the information contained therein is accurate, complete, and up-to-date as required by the FCRA.

40. In or around February 2021, Plaintiff requested from GoodHire a copy of all consumer reports furnished to any employer, at which time he first learned that the report contained the inaccuracy that cost him a job.

41. As a result of Defendant's violations of the FCRA and ICRAA, Plaintiff has suffered a range of actual damages, including without limitation, loss of employment opportunities; lost wages; loss of economic opportunities and positions and advances in the future; the expenditure of time and money trying to correct Defendant's erroneous employment report; damage to his reputation; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

**CLASS ACTION ALLEGATIONS**

42. Plaintiff brings his FCRA claims on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23.

43. The Class is defined as "All natural persons within the United States who were the subject of a consumer report furnished to a third party by GoodHire for employment purposes, and whose report contained any negative public record of criminal arrest, charge, or conviction, during the five years preceding the filing of this action until final resolution of this action."

44. Numerosity. The Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the class period Defendant furnished reports about thousands of class members.

45. Ascertainability. The identity of Class members is ascertainable through Defendant's records.

46. Commonality and predominance. There is a significant community of interest among the Class members, as there are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. Those questions include:

   a) whether GoodHire violated 15 U.S.C. § 1681k by failing to maintain strict procedures to assure that the criminal record information furnished to its customers is complete, accurate, and up-to-date;

   b) whether GoodHire violated section 15 U.S.C. § 1681e(b) by failing to adopt, maintain and follow reasonable procedures that assured maximum possible accuracy of the information concerning the individuals about whom the report relates; and

   c) whether those violations were negligent, intentional, willful, or malicious.

47. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

48. Typicality. Plaintiff's claims are typical of Class members' claims. Plaintiff, like other Class members, was subjected to Defendant's inadequate policies and practices that violated the FCRA and ICRAA.

49. Adequacy. Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's counsel are experienced in class actions and will fairly and adequately represent and protect the interests of the Class members.

50. Superiority. Class treatment would benefit the courts and Class members. Certification of the class would provide substantial benefits to the courts and Class members. The damages suffered by individual Class members are relatively small compared to the significant expense and burden of individual prosecution of this litigation. In addition, class certification will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's practices.

51. There will be no undue difficulty in the management of this litigation as a class action. A class action is superior to other methods for the fair and efficient adjudication of this controversy because the costs of prosecution would likely surpass individual Class members' damages, it is economically impractical for Class members to pursue individual actions. Without a class action, Plaintiff and Class members have no effective remedy to recover their damages. A class action allows Class members to assert their rights while conserving the resources of this Court and the parties.

**FIRST CAUSE OF ACTION**
**(Violations of the FCRA**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy)**
**On Behalf of Plaintiff and the Class**
**(15 U.S.C. § 1681e(b))**

52. Plaintiff realleges and incorporates by reference the allegations contained above.

53. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

54. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

55. At all times pertinent hereto, the above-mentioned employment report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

56. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of Plaintiff's employment report and the files it published and maintained.

57. Defendant's violations of the FCRA were systematic and members of the Class.

58. As a result of Defendant's violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered a range of actual damages, including without limitation, loss of employment opportunities; lost wages; loss of economic opportunities and positions and advances in the future; the expenditure of time and money trying to correct Defendant's erroneous employment report; damage to his reputation; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

59. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its actions were in reckless disregard of the requirements of this provision. Thus, Defendant is liable for punitive damages pursuant to 15 U.S.C. § 1681n.

60. In the alternative, Defendant negligently violated 15 U.S.C. § 1681e(b), which entitles Plaintiff to a recovery under 15 U.S.C. § 1681o.

61. Pursuant to 15 U.S.C. § 1681o and § 1681n, Plaintiff is entitled to actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Violations of ICRAA**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy)**
**On Behalf of Plaintiff**
**(Cal. Civ. Code § 1786.20)**

62. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-55, above.

63. Defendant is an "investigative consumer credit reporting agency" as defined by Cal. Civ. Code § 1786.2(d).

64. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by Cal. Civ. Code § 1786.2(b).

65. The above-mentioned employment reports are "investigative consumer reports" as that term is defined by Cal. Civ. Code § 1786.2(c).

66. Defendant negligently and willfully failed "to follow reasonable procedures to assure maximum possible accuracy" in preparing Plaintiff's investigative consumer reports. Cal. Civ. Code § 1786.20(b).

67. Pursuant to Cal. Civil Code § 1786.50, Plaintiff is entitled to his actual damages, injunctive relief, statutory damages, punitive damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a) For declaratory judgment that Defendant negligently and/or willfully violated the FCRA and ICRAA as alleged herein;

b) For an order awarding Plaintiff actual damages, including all out-of-pocket loss and all other sums of money owed to Plaintiff, together with interest on these amounts, according to proof;

c) For non-economic damages due to Plaintiff's pain and suffering;

d) For compensatory, statutory and punitive damages, as provided by the FCRA and ICRAA, according to proof;

e) For attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o, and Cal. Civ. Code § 1786.50;

f) Costs of suit; and

g) Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims that are so triable.

Dated: May 6, 2022                                      OLIVIER & SCHREIBER LLP

COMMUNITY LEGAL SERVICES IN
EAST PALO ALTO

*/s/ Christian Schreiber*
Christian Schreiber

*Attorneys for Plaintiff ADAN RUBIO*